# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **ANTHONY STOKES** <br> La. DOC #477774 <br> VS. <br><br> **BURL CAIN, WARDEN** | **CIVIL ACTION NO. 08-0806** <br><br> **SECTION P** <br> **JUDGE JAMES** <br> **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

On June 9, 2008, *pro se* petitioner Anthony Stokes, filed the instant application for writ of *habeas corpus*. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola. He attacks his 2004 conviction for second degree murder in the Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Statement of the Case*

On some unspecified date petitioner was indicted by the Ouachita Parish Grand Jury and charged with second degree murder. His first trial ended in a mistrial. [rec. doc. 1, p. 1][1] On January 30, 2004, petitioner's second trial concluded and petitioner was found guilty as charged; his motion for a new trial was denied on the same date. On June 17, 2004, the mandatory life sentence was imposed. Petitioner apparently did not timely appeal because on May 3, 2005, he

---

[1] Petitioner claims that the first trial ended with a mistrial on February 26, 2004; however this is not possible since he also claims that the second trial ended with a guilty verdict rendered in January, 2004.

filed an application for post-conviction relief seeking an out-of-time appeal.[2] [rec. doc. 1, p. 2] In due course he was granted an out-of-time appeal and the Louisiana Appellate Project was appointed to represent him. On April 12, 2006, the Second Circuit affirmed his conviction in an unpublished opinion. *State of Louisiana v. Anthony Montrel Stokes*, 2005-40970 (La. App. 2 Cir. 4/12/2006), 926 So.2d 164 (Table). [See also rec. doc. 1, p. 3] According to petitioner, he sought further direct review in the Louisiana Supreme Court; however the presumptively reliable published jurisprudence refutes this allegation.[3]

On February 2, 2007, petitioner filed an Application for Post-Conviction Relief in the Fourth Judicial District Court. It was denied by the trial judge on February 5, 2007. Petitioner sought further review in the Second Circuit Court of Appeals. On April 4, 2007, that court denied relief in an unpublished order under Docket Number KH 07-42420. [rec. doc. 1, p. 3] Petitioner applied for writs in the Louisiana Supreme Court, and on March 7, 2008, writs were denied. See *State of Louisiana ex rel. Anthony Stokes v. State of Louisiana*, 2007-1074 (La. 3/7/2008), 977

---

[2] In Louisiana, the right to appeal a felony conviction is forfeited if the motion for appeal is not filed within the limitations period provided by La. C.Cr.P. art. 914. Thereafter, the right to appeal can be reinstated only through an application for post-conviction relief seeking an out-of-time appeal. See *State v. Counterman*, 475 So.2d 336, 338, 339 (La.1985) (Once the time delays provided in Article 914 have expired, the appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal is an application for post-conviction relief under La. C.Cr.P. art. 924 *et seq.*).

[3] The published jurisprudence does not support petitioner's claim that he sought further direct review in the Louisiana Supreme Court following the April 2006 decision of the Second Circuit Court of Appeals. The published jurisprudence reveals only one writ judgment involving the petitioner in the Louisiana Supreme Court during the applicable time period. See *State of Louisiana ex rel. Stokes v. State of Louisiana*, 2007-1074 (La. 3/7/2008), 977 So.2d 900. However, that judgment referenced a matter in the Second Circuit Court of Appeals under Docket Number 42420-KH and not Docket Number 40970-KH which was the docket number assigned by the Second Circuit Court of Appeals to petitioner's appeal. This Supreme Court writ judgment under Docket Number 2007-1074 was a writ denial related to petitioner's post-conviction proceeding and not the direct appeal proceeding. Petitioner elsewhere admits that the writ judgment under Supreme Court Docket Number 2007-1074 was related to post-conviction and not direct appeal. [see rec. doc. 1, pp. 3-4, "Stokes then filed into the Second Circuit Court of Appeals his supervisory writ of review on post-conviction application docket No. KH 07-42420. The court denied relief April 4, 2007... Stokes then filed his writ of certiorari into the Louisiana Supreme Court in docket no. 2007-KH-1074. The court denied his writ/application with a one word denial March 7, 2008."]

So.2d 900.

Petitioner submitted an unsigned and undated *pro se* petition for *habeas corpus* which was received and filed on June 9, 2008. Petitioner dated his *in forma pauperis* application June 4, 2008. [rec. doc. 2, p. 3] Pursuant to the "mailbox rule," that date is considered the earliest that the pleading could have been filed.[4]

## *Law and Analysis*

### *1. Limitations*

Title 28 U.S.C. §2244(d)(1)(A) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[5]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of

---

[4] Under the "prison mailbox rule," a *pro se* prisoner's federal *habeas corpus* petition is deemed filed when the prisoner delivers it to prison officials according to the proper prison procedures. See *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir.1999). In the absence of any contradictory information, and, giving petitioner the benefit of every doubt, the date he signed his pleadings must be considered the date he submitted his pleadings to prison officials for mailing to the court.

[5] Nothing in the record before the court suggests that any State created impediments prevented the filing of this petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

3

time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner was sentenced on June 17, 2004. Under Louisiana law he had a period of 30-days within which to file a motion for appeal. [See La. C.Cr.P. art. 914(B)(1) which provides, "The motion for appeal must be made no later than ... [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken..."] Petitioner claims, "On May 3, 2005, Stokes urged a post conviction claim that ended in the courts granting an out of time appeal..." It thus appears that petitioner did not timely move for an appeal within the delays provided by art. 914(B)(1). Petitioner's judgment of conviction and sentence therefore became final under the provisions of 28 U.S.C. §2244(d)(1)(A) "... by... the expiration of the time for seeking [direct review] ..." on or about July 17, 2004 when the thirty day period lapsed and no appeal was filed. Petitioner had a period of one year from that date, or until July 17, 2005, to which to file his federal *habeas corpus* petition.

As noted, on May 3, 2005, he filed an application for post-conviction relief seeking an out-of-time appeal [rec. doc. 1, p. 2] and, pursuant to 28 U.S.C. §2244(d)(2), this filing tolled the limitations period during its pendency. Nevertheless, a period of approximately 289 days of the 365 day limitations period elapsed before the filing of the application for post-conviction relief and, as noted above, any lapse of time <u>before</u> the proper filing of an application for post-

4

conviction relief in state court is counted against the one-year limitation period. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999).

Tolling continued through the out-of-time appeal process, but ceased on April 12, 2006, when the Second Circuit Court of Appeals confirmed petitioner's conviction. *State of Louisiana v. Anthony Montrel Stokes*, 2005-40970 (La. App. 2 Cir. 4/12/2006), 926 So.2d 164 (Table). [See also rec. doc. 1, p. 3] Thus, with the conclusion of the out-of-time appeal process, the limitations period began to run anew on April 13, 2006. Petitioner did nothing to toll limitations thereafter until February 2, 2007, when he filed a second Application for Post-Conviction Relief in the Fourth Judicial District Court. However, by that time another 295 days lapsed un-tolled. Thus, by the time petitioner filed his second application for post-conviction relief, a total of 584 un-tolled days had elapsed.

Since a total of more than 365 un-tolled days elapsed between the finality of petitioner's judgment of conviction and the filing of the instant *habeas* petition, the petition is time-barred.

## 2. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. Further in

order to be eligible for the benefits of equitable tolling, a *habeas* petitioner must diligently pursue relief. *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir.1999) (to be entitled to equitable tolling "applicant must diligently pursue ... relief"). Equitable tolling is not available for "... those who sleep on their rights." See *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir.2000); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir.1989). Petitioner was far from diligent in pursuing his post-conviction litigation in the State and federal courts. In fact, another 90 days elapsed between the Supreme Court's March 7, 2008, writ denial and petitioner's June 9, 2008, filing of the instant petition. In short, petitioner is not entitled to the benefits of equitable tolling.

*3. Conclusion and Recommendation*

The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Equitable tolling does not apply.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitations period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10)**

**days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers at Monroe, Louisiana, July 14, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE